FILED
2024 Feb-27  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KURT LANTZ,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 5:22-cv-665-CLS** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Kurt Lantz, commenced this action pursuant to 42 U.S.C. § 405(g),
seeking judicial review of a final adverse decision by the Commissioner of the Social
Security Administration that affirmed the decision of the Administrative Law Judge
("ALJ") and, thereby, denied his claim for disability insurance benefits and
supplemental security income. For the reasons stated herein, the court finds that the
Commissioner's ruling is due to be reversed, and this case remanded for further
proceedings.

The court's role in reviewing claims brought under the Social Security Act is
a narrow one. The scope of review is limited to determining whether there is
substantial evidence in the record as a whole to support the findings of the
Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ failed to evaluate properly claimant's subjective complaints of pain.  Upon review, the court finds that claimant's contention has merit.

## A.    The ALJ's Findings

The ALJ found that claimant had the following "severe" impairments that could significantly limit his ability to perform basic work activities: complex regional pain syndrome to the right lower extremity; degenerative disc disease of the lumbar spine; status-post right calcaneous fracture with open reduction/internal fixation; and status-post fracture of the sacrococcygeal junction.[1]  He also found that claimant had the non-serious impairments of gastroesophogeal reflux disease and alcohol addiction.

The ALJ next assessed whether claimant had an impairment or combination of impairments that met or equaled one of the listed impairments contained in 20 C.F.R.

---

[1] Tr. 35.  Claimant suffered a significant injury to his right foot in a motor vehicle accident in 2014.  He reinjured his foot and ankle in 2017 in a work-related accident. *See id.* at 493.

Part 404, Subpart P, Appendix 1.[2]  The ALJ considered the following listed impairments: Medical Listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root); 1.17 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint); 1.18 (abnormality of a major joint in any extremity); 1.19 (pathologic fractures due to any cause); and, 1.22 (non-healing or complex fracture of the femur, tibia, pelvis, or one or more of the talocrural bones).[3]  The ALJ found that the medical evidence of record failed to satisfy the regulatory criteria of those listings.

The ALJ also evaluated claimant's diagnosis of complex regional pain syndrome, which is not a listed impairment, using the guidance found in Social Security Ruling 03-2p.  The ruling counsels the adjudicator as follows:

> Since RSDS/CRPS [Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome] is not a listed impairment, and an individual with RSDS/CRPS alone cannot be found to have an impairment that meets the requirements of a listed impairment.  However, the specific findings in each case should be compared to any pertinent listing to determine whether medical equivalence may exist.

SSR 03-2p, 68 Fed. Reg. 59971 (Oct. 20, 2003) (alteration supplied).  In that regard, the ALJ stated: "After examining the record, the undersigned finds that claimant's complex regional pain syndrome does not medically equal a listing nor does it

---

[2] Tr. 36.

[3] *Id.* at 37.

medically equal a listing in combination with at least one other medically determinable impairment."[4]

The ALJ then determined that claimant maintained the residual functional capacity to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and 416.967(a),

> except the claimant can frequently lift and/or carry, including upward pulling of 10 pounds.  He can sit for 6 hours in an 8-hour workday with normal breaks and stand and/or walk with normal breaks for 2 hours in an 8-hour workday.  There is no limitation in the upper extremity for gross or fine handling.  He can occasionally climb ramps and stairs.  He cannot work on wet, slippery, icy surfaces or uneven terrain.  He can occasionally stoop, kneel, and crouch, but never crawl.  He cannot work on ladders, ropes, or scaffolds, or around dangerous machinery.  He cannot have frequent exposure to extreme cold, extreme heat, or humidity.

Tr. 38.  The ALJ stated that, when formulating claimant's residual functional capacity, he considered all of claimant's symptoms "and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."[5]

Based upon the residual functional capacity determination, the ALJ concluded that claimant was unable to perform past relevant work.  Finally, the ALJ relied upon the testimony of a vocational expert to find that claimant possessed work skills that

---

[4] *Id.* at 38.

[5] *Id.*

could be transferred to other occupations existing in significant numbers in the national economy, and that could be performed within the limits of his residual functional capacity.[6]  Accordingly, the ALJ found that claimant had not been under a disability as defined in the Social Security Act.[7]

**B.    Claimant's Subjective Complaints of Pain**

Claimant contends that the ALJ failed to properly evaluate the credibility of his complaints of pain consistent with the Eleventh Circuit's "pain standard."  That standard requires a claimant to demonstrate that pain or another subjective symptom renders him disabled by producing "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits a claimant's subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

---

[6] *Id.* at 46.

[7] *Id.* at 47.

As previously noted, the ALJ in the present case found that claimant had the severe medically determinable impairments of complex regional pain syndrome to the right lower extremity, degenerative disc disease of the lumbar spine, status-post right calcaneus fracture with open reduction/internal fixation, and status-post fracture of the sacrococcygeal junction. He further found that those medically determinable impairments could reasonably be expected to cause claimant's alleged symptoms.[8] Even so, the ALJ concluded that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.[9] Specifically, the ALJ stated that

> the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, . . . are inconsistent because the medical evidence does not support the claimant's allegations of severe and chronic limitation of function to the degree that it would preclude the performance of all substantial gainful activity. Rather, the claimant's allegations about the intensity, persistence, and limiting effects of his pain *exceed all that can reasonably be expected from his impairments and are inconsistent with treatment records*.

Tr. at 39 (alteration and emphasis supplied).

Properly evaluating subjective complaints of pain is especially essential, and complicated, when, as here, a claimant suffers from complex regional pain syndrome. As noted above, the Social Security Administration issued a ruling to assist

---

[8] Tr. 39.

[9] *Id.*

adjudicators in evaluating claims in which this diagnosis is present.  *See* SSR 03-2p,

68 Fed. Reg. 59971 (Oct. 20, 2003).   The syndrome, also known as "Reflex

Sympathetic Dystrophy Syndrome," is characterized as

> a chronic pain syndrome most often resulting from trauma to a single
> extremity.  It can also result from diseases, surgery, or injury affecting
> other parts of the body.  Even a minor injury can trigger RSDS/CRPS
> [Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain
> Syndrome].  The most common acute clinical manifestations include
> complaints of intense pain and findings indicative of autonomic
> dysfunction at the site of the precipitating trauma.  Later, spontaneously
> occurring pain may be associated with abnormalities in the affected
> region involving the skin, subcutaneous tissue, and bone.   It is
> characteristic that the degree of pain reported is *out of proportion to the
> severity of the injury sustained by the individual*.  When left untreated,
> the signs and symptoms of the disorder may worsen over time.

*Id.* (alteration and emphasis supplied).  Those afflicted with the syndrome

> typically report persistent, burning, aching or searing pain that is
> initially localized to the site of the injury.  The involved area usually has
> increased sensitivity to touch.  *The degree of reported pain is often out
> of proportion to the severity of the precipitating injury*.

*Id.* (emphasis supplied).  The Social Security Administration further cautioned that

"[i]t should be noted that conflicting evidence in the medical record is not unusual in

cases of RSDS due to the transitory nature of its objective findings and the

complicated diagnostic process involved."  *Id.*  The pain — rather than the triggering

injury — has the potentially disabling effect.  *Id.*; *see also Bernstein v. Astrue*, No.

3:09-cv-17-J-34MCR, 2010 WL 746491 at *8 (M.D. Fla. Mar. 3, 2010).

Upon review of the ALJ's decision and the record, the court concludes that the ALJ failed to properly assess claimant's subjective complaints of pain in accordance with Eleventh Circuit precedent and Social Security Ruling 03-2p, given claimant's diagnosis of complex regional pain syndrome.  The ALJ's conclusion that claimant's reported subjective symptoms were disproportionate to the precipitating injury, and not completely consistent with the objective medical evidence, was erroneous.  In other words, the ALJ failed to apply the correct legal standard, such that remand is warranted.  Moreover, the ALJ failed to articulate adequate reasons for discrediting claimant's subjective complaints.

Two points bear mention.  First, the ALJ found it to be significant that claimant had produced  "little to no treatment records throughout 2020 related to [his] alleged debilitating conditions."[10]  He stated:

> If the claimant contends that his lack of medical treatment is due to financial reasons, the undersigned does not find this persuasive, as there is no indication in the record that the claimant has sought government-subsidized health care or sought health care and been turned down due to financial reasons.  The medical records fail to show that the claimant sought or contacted any local Free Clinic or a reduced fee clinic.  There is no record that the claimant sought treatment and was turned down for financial reasons.  The record is more consistent with the claimant's symptoms not being of the frequency, duration, or severity to need routine medical monitoring or care.

Tr. 41.

---

[10] *Id.* at 41 (alteration supplied).

8

"The ALJ may consider the level or frequency of treatment when evaluating the severity of a claimant's condition," but the ALJ is "specifically prohibit[ed from] drawing any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first obtaining any explanations that the individual may provide." *Henry v. Commissioner of Social Security*, 802 F.3d 1264, 1267-68 (11th Cir. 2015) (internal quotations and citations omitted; alteration supplied). The ALJ failed to question claimant during the hearing about his limited treatment during 2020; therefore, claimant did not have the opportunity to offer an explanation. Notably, when the ALJ asked claimant why he did not take medication, he responded "I have no insurance, either. And that's another thing, too. I need some medical assistance as my pain's been getting worse over the past few years."[11] In this regard, the ALJ also failed to take into account that claimant sought treatment in December 2021 at Huntsville Family Health Center, where he received a discount under the clinic's "sliding fee schedule."[12]

Second, Social Security Ruling 16-3p, which guides adjudicators in the evaluation of symptoms in disability claims, requires consideration of the limiting effects of a claimant's symptoms on his daily activities. The ALJ did not address

---

[11] *Id.* at 64.

[12] *Id.* at 677.

claimant's statements about his ability to perform daily activities, with the sole exception of his finding that:

> The claimant drives occasionally. As it relates to driving, it is noted that driving an automobile for any distance requires sufficient concentration and mental skills to follow directions, read traffic signs, avoid routine road hazards, as well as appreciate and evaluate on-coming and same-directional traffic. It also requires significant physical abilities such as sitting in one place for a period of time, turning the steering wheel, and maneuvering one's body in positions as to see in all directions and angles, while simultaneously operating foot controls.

Tr. 42. While this may be a correct statement of the physical and mental requirements of driving generally, it has no bearing on this particular claimant's ability to sustain an eight-hour workday, even at the limited sedentary level assigned by the ALJ.[13]

In accordance with the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

**DONE** this 27th day of February, 2024.

_____
Senior United States District Judge

---

[13] Claimant testified that he was able to drive for 45 minutes to an hour. Tr. 73.